1

2

3

4

5

6

7

8

9      **IN THE UNITED STATES DISTRICT COURT**

10      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12

13      RUBEN VALLI,                                   Case No. SA CV 13-1399 PSG (MRW)

14                          Petitioner,               FINAL REPORT AND
                                                       RECOMMENDATION OF UNITED
15                   v.                                STATES MAGISTRATE JUDGE

16      AMY MILLER, Warden,

17                          Respondent.

18

19           This Final Report and Recommendation is submitted to the Honorable

20      Philip S. Gutierrez, United States District Judge, pursuant to 28 U.S.C. § 636 and

21      General Order 05-07 of the United States District Court for the Central District

22      of California.  The Final Report is revised at footnote 4 to reflect Petitioner's

23      objections to the original Report.  (Docket # 40.)

24      **I.      SUMMARY OF RECOMMENDATION**

25           This is a state habeas action.  Petitioner challenges his convictions for

26      sexually abusing two children.  The Court concludes that the claims of

27

28

ineffective assistance of counsel that Petitioner sought to raise in state court are procedurally barred as a matter of California law.

Further, as to the sentencing claim that Petitioner properly pursued on direct appeal, the state court decision denying that claim was neither contrary to, or an unreasonable application of, clearly established federal law.  As a result, the Court recommends that the petition be denied.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner was charged with sexually molesting two girls: his wife's young sister and his stepdaughter.  At trial, the jury heard testimony from both victims. The jury also heard a recorded telephone call in which Petitioner acknowledged engaging in misconduct with one of the girls.

The jury convicted Petitioner of numerous sexual offenses.  The trial court sentenced Petitioner to a term of 90 years to life in state prison.  The appellate court affirmed Petitioner's conviction in a reasoned, unpublished decision. (Lodgment # 1.)  The state supreme court denied review without comment. (Lodgment # 3.)

After the conclusion of Petitioner's direct appeal, he filed a habeas action in state court raising numerous claims of ineffective assistance of counsel (IAC). In a reasoned decision, the state superior court determined that Petitioner's IAC claims were untimely under state law.  (Lodgment # 5.)  The superior court also determined that Petitioner's claims were conclusory and failed to plausibly establish prejudice as a result of any lawyer's errors.  The state supreme court subsequently denied habeas relief without comment.  (Lodgment # 14.)

Petitioner filed this federal action while the state habeas process was ongoing.  The Court stayed the federal case to allow Petitioner to attempt to exhaust his claims on the merits in state court.  (Docket # 8, 21.)  After the conclusion of state proceedings, the Court directed the Attorney General to

1   respond to Petitioner's amended petition.  In its response, the Attorney General
2   argued that Petitioner's IAC claims were procedurally barred.  (Docket # 32.)
3   The Attorney General also addressed the merits of the sentencing claim that
4   Petitioner raised on direct appeal[1] and Petitioner's other claims.

5   **III.   DISCUSSION**

6       **A.   Standard of Review Under AEDPA**

7       Petitioner's action is subject to the provisions of the Antiterrorism and
8   Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may grant
9   habeas relief to a state prisoner "with respect to any claim that was adjudicated
10   on the merits in State court proceedings" only if that adjudication:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or (2) resulted in a decision
> that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State
> court proceeding.

15   28 U.S.C. § 2254(d).

16       In a habeas action, this Court generally reviews the reasonableness of the
17   state court's last reasoned decision on a prisoner's claims.  Murray v. Schriro,
18   746 F.3d 418, 441 (9th Cir. 2014).  Here, the state appellate court's opinion
19   (Lodgment # 1) stands as the last reasoned decision on Petitioner's sentencing
20   claim.  That decision will be reviewed for reasonableness.  Ylst v. Nunnemaker,
21   501 U.S. 797, 803-04 (1991); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770,
22   784 (2011).

---

[1]      The Attorney General generously addressed both claims that
Petitioner raised on direct appeal: (a) the decision to limit questioning of one of
the victims; and (b) whether Petitioner's sentence violated the Eighth
Amendment.  (Docket # 32 at 16-20.)  However, a fair reading of the original
petition (Docket # 1), the First Amended Petition (Docket # 25), and Petitioner's
reply brief (Docket # 36) does not suggest that he wished to pursue the victim-
questioning claim on federal habeas review.  Rather, Petitioner only expressly
addressed the exhausted sentencing claim in his reply brief. (Docket # 36 at 14.)

3

**B.     Procedural Bar to Federal Review of IAC Claims**

Before the Court may take up the merits of Petitioner's claims, it must address whether they are barred from federal review.  The Attorney General argues that Petitioner's numerous IAC claims are not amenable to federal consideration because the state courts denied them on procedural grounds.

**1.     History of Action and Decision Below**

Petitioner's criminal trial ended in June 2010.  He filed a timely appeal and pursued his case through the state appellate system.  The state supreme court ultimately denied review in his case in October 2012.  (Lodgment # 3.)  However, Petitioner did not assert claims of ineffective assistance by his lawyers until he filed a habeas petition in the state superior court in April 2013.  (Lodgment # 4.)

The superior court concluded that Petitioner's habeas petition was untimely as a matter of state law.  (Lodgment # 5 at 3.)  The court cited state supreme court decisions for the proposition that a prisoner must file for habeas relief "without substantial delay or adequately explain and justify any delay."  (Id. (citing In re Clark, 5 Cal. 4th 750, 76 (1993), and In re Harris, 5 Cal. 4th 813, 827 (1993).)  The superior court concluded that Petitioner had not adequately explained the three-year delay in challenging the effectiveness of his trial lawyer or the six-month delay following the conclusion of his direct appeal.

The superior court's decision also briefly touched on the merits of Petitioner's IAC claims.  The court noted that a prisoner alleging ineffective assistance must demonstrate deficient performance by a lawyer and prejudice resulting from the conduct.  (Lodgment # 5 at 4.)  The court described Petitioner's habeas submission as a "laundry list of failings" by the trial lawyer that established neither component of the IAC test.  On that basis, the superior court concluded that Petitioner failed to set forth a prima facie case for habeas

1  relief.  (Id. at 4-5.)  The state supreme court subsequently denied habeas relief on

2  the same claims without comment in 2014 during the pendency of the stay of the

3  federal action.  (Lodgment # 14.)

4  **2.      Relevant Federal Law**

5  Under AEDPA, before a federal court may review a state prisoner's

6  constitutional claims, the prisoner must ordinarily present his claims to the

7  state's highest court for consideration.  Federal courts cannot consider a claim if

8  the state courts deny relief due to "a procedural barrier to adjudication of the

9  claim on the merits."  Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120, 1127

10  (2011).  If a state prisoner's habeas petition "runs afoul of the procedural bar

11  doctrine," federal review will be precluded.  Cooper v. Neven, 641 F.3d 322, 327

12  (9th Cir. 2011).

13  A petition is procedurally barred when: (1) a state court declines to

14  address a petitioner's federal claims because of failure to comply with a state

15  procedural requirement; and (2) the state court decision rests on independent and

16  adequate state procedural grounds.  Coleman v. Thompson, 501 U.S. 722, 729-

17  30 (1991).  California law requires state prisoners to promptly pursue habeas

18  claims in state court without "substantial delay" under Clark.  In Walker, the

19  Supreme Court unanimously and expressly held that California's untimeliness

20  bar for habeas petitions is an adequate and independent state procedural ground

21  that bars relief in federal court.  Walker, 131 S. Ct. at 1124.  The Walker Court

22  determined that the state rule established under Clark and other cases is "firmly

23  established" and "regularly followed" by the state court.  Id. at 1128-30.

24  Therefore, when a California court bases a denial of a habeas petition on Clark, a

25  prisoner is defaulted under AEDPA from pursuing consideration of those claims

26  on federal habeas review.  Id.; see also Alvarez v. Wong, 425 F. App'x 652 (9th

27

28

1  Cir. 2011) (applying <u>Walker</u> to affirm dismissal of petition that was untimely in

2  state court).

3        As a limited exception to the procedural bar doctrine, a federal court may

4  still consider a claim if a prisoner shows: (1) good cause for his failure to exhaust

5  the claim and prejudice from the alleged constitutional violation; or

6  (2) a "fundamental miscarriage of justice." <u>Cooper</u>, 641 F.3d at 327.  The

7  miscarriage of justice prong of this test is synonymous with a claim of actual

8  factual innocence to the offense of conviction. <u>Sawyer v. Whitley</u>, 505 U.S. 333,

9  339-40 (1992).

10              **3.    <u>Analysis</u>**

11       The Court concludes that Petitioner's IAC claims are procedurally barred

12  from federal review because of the nature of the superior court's ruling.

13       The state court denied relief for these claims on procedural grounds.  The

14  court clearly relied on <u>Clark</u> and other authority to determine that Petitioner's

15  habeas action was untimely under California law.  (Lodgment # 5 at 3.)  That

16  ruling represents an adequate and independent state law basis for denying relief.

17  <u>Walker</u>, 131 S. Ct. at 1127.

18       The superior court's procedural ruling under state law operates as a bar to

19  later federal consideration of his claims under AEDPA. <u>Cooper</u>, 641 F.3d

20  at 327.  Moreover, the later silent denial from the state supreme court when

21  subsequently presented with Petitioner's same habeas arguments further supports

22  the imposition of a procedural bar. <u>Richter</u>, 131 S. Ct. at 785 (presumption that

23  state court adjudicated prisoner's federal claims on the merits "may be overcome

24  when there is reason to think some other explanation for the state court's decision

25  is more likely").

26       Petitioner's response to the Attorney General's assertion of the procedural

27  bar is simply that he believed his action was timely.  Petitioner points to AEDPA

28

1    – that is, the <u>federal</u> habeas statute – which provides for a one-year period within

2    which to file for federal relief.  Petitioner claims that, because he initiated his

3    <u>state</u> habeas action within the one-year AEDPA window, this Court may

4    properly consider his claims under federal law.  (Docket # 36 at 3-5.)

5        However, that argument improperly conflates the issues of (a) timeliness

6    in federal court under AEDPA with (b) timeliness in state court under state law.

7    The California courts declined to consider Petitioner's claims because he did not

8    file his petition promptly as required under state law.  Under the U.S. Supreme

9    Court's ruling in <u>Walker</u>, the state decision finding Petitioner's action untimely

10   establishes that his IAC claims are procedurally barred.[2]

11       Petitioner makes no real effort to meet the cause-and-prejudice test under

12   <u>Cooper</u>.  A close reading of Petitioner's submission reveals no good cause for his

13   failure to present his IAC claims in a timely manner in state court.  At best,

14   Petitioner misunderstood the procedural requirements of California law that

15   mandated prompt presentation of such claims even before the termination of

16   direct appeal.  Additionally, the thin and conclusory nature of his IAC claims

17   fails to convincingly establish that Petitioner was prejudiced by the effect of the

18   procedural default.[3]  Further, the Court has no basis to conclude that Petitioner

19   ────────────────

20       [2]    Even though Petitioner did not seriously advance this argument, the
     Court agrees with the Attorney General that the IAC claims do not "relate back"
21   to a "common core of facts" involving Petitioner's timely and undefaulted claims
     pursued on direct appeal as explained in <u>Mayle v. Felix</u>, 545 U.S. 644 (2005),
22   and <u>Nguyen v. Curry</u>, 736 F.3d 1287 (9th Cir. 2013).  (Docket # 32 at 12-15.)

23       [3]    To this end, the Court relies on its own review of the amended
     petition and the substantive analysis that the state superior court provided below.
24   As noted above, the superior court denied relief for both procedural- and merits-
     related reasons.  The fact that the superior court gave substantive consideration
25   to Petitioner's claims does not impact the procedural default analysis.  According
     to the Supreme Court, a state court "need not fear reaching the merits of a federal
26   claim in an <u>alternative</u> holding" beyond its analysis of procedural defects with
     the action.  <u>Harris v. Reed</u>, 489 U.S. 255, 263 n.10 (1989) (emphasis in original);
27   <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002) (state court's alternative rulings

28

1  demonstrated a "fundamental miscarriage of justice" based on his lawyer's

2  allegedly deficient performance.  Petitioner's cursory claims of attorney error do

3  not equate to a claim of factual innocence to the charges of conviction.  Cooper,

4  641 F.3d at 327.

5  **C.     Excessive Sentencing Claim**

6  **1.     Facts and Decision Below**

7  Petitioner contends that the sentence he received was disproportionate to

8  the crimes for which he was convicted.  The jury found Petitioner guilty of

9  committing numerous acts of intercourse, sodomy, and oral sex with two girls.

10  One of the victims was 13 years old, and the other was 9 years old.  (Lodgment

11  # 1 at 2-3.)  The trial judge imposed a sentence of 90 years to life in prison.

12  (Lodgment # 7, 4RT at 782-86.)  The sentence included several consecutive

13  prison terms, which the court stated were based on several "separate and

14  distinct" acts of sexual assault involving the different victims.  (Id. at 786.)

15  The appellate court affirmed the aggregate sentence.  The court expressly

16  evaluated whether the sentence was unconstitutional by considering whether it

17  was "so disproportionate to the crime for which it is inflicted that it shocks the

18  conscience and offends fundamental notions of human dignity."  (Lodgment # 1

19  at 7 (quoting People v. Murray, 203 Cal. App. 4th 277, 285 (2012)).)  The

20  appellate court concluded that the "nature of the crime" constituted a "dreadful

21  course of conduct involving two children."  (Id.)  The court determined that no

22  constitutional violation occurred.

23  **2.     Relevant Federal Law**

24  A prison sentence violates the Eighth Amendment if the length of the

25  sentence is "grossly disproportionate" to the crime committed.  Lockyer v.

26  Andrade, 538 U.S. 63, 72 (2003).  A sentence will be grossly disproportionate

27  ―――――――――――――

on petition's timeliness and "on the merits" did not make petition properly filed

28  under state law).

"only in the exceedingly rare and extreme case." Id. at 73 (quotation omitted).
Factors relevant to the determination of disproportionality include: (1) the
gravity of the offense and the harshness of the sentence; (2) the range of
sentences imposed within the same jurisdiction; and (3) a comparison of
sentences imposed for the same offense in different states. Solem v. Helm,
463 U.S. 277, 290-91 (1983) (life imprisonment without parole for minor
bad check conviction unconstitutional).

A defendant's recidivism or the use of force in committing a sexual act are
legitimate factors that may distinguish a sentence "from those in which the
inference of disproportionality was found to be met." Crosby v. Schwartz,
678 F.3d 784, 792, 794-95 (9th Cir. 2012) (affirming denial of habeas relief
where life sentence imposed for violation of sex offender registration statute).
On habeas review, a federal court must recognize the state's substantial interest
in deterring and segregating dangerous offenders. Ewing v. California, 538 U.S.
11, 22, 25 (2003) (upholding constitutionality of California's Three Strikes
Law).

### 3.    Analysis

On deferential federal review, the Court finds no basis for habeas relief.
The state court analyzed Petitioner's sentencing challenge by reference to a state
law analogue of Andrade. In doing so, the court expressly understood that it was
constitutionally required to consider whether Petitioner's sentence was grossly
disproportionate to the offenses that he committed. (Lodgment # 1 at 7.)

The appellate court was well aware of the seriousness of the sexual
assaults established at trial. The court referred to the evidence that Petitioner
engaged in a "dreadful course of conduct" – that is, repeated sexual assaults – of
two young family members. The appellate court found no basis to conclude that
Petitioner's sentence was disproportionate to, or unfairly punished Petitioner for,

9

his convictions for serious sexual assault offenses.  That determination was not an unreasonable application of Andrade, Solem, or their progeny.  Petitioner failed to convincingly demonstrate that his sentence was so far out of line with other sentences in California or elsewhere to be deemed "exceedingly rare and extreme."  Andrade, 538 U.S. at 73.

Moreover, even if Petitioner's minimal showing on direct appeal was the result of deficient performance by his attorney (as the appellate court suggested (Lodgment # 1 at 6-7)), his showing in federal court is no more persuasive. Petitioner makes only a bare-bones challenge to his sentence in his federal papers – setting aside, for the moment, the issue that his sentencing-related IAC claim is procedurally barred – that is far too cursory to convincingly establish that his sentence was unconstitutionally excessive.  Petitioner offers no information from which the Court could plausibly determine that his sentence for repeatedly molesting the victims was disproportionate when compared with sentences imposed elsewhere on similar sex offenders.  (Docket # 25 at 14-15, 36 at 14-16.)  Neither a deferential review of the state court decision nor a closer examination of Petitioner's submission warrants habeas relief here.[4]

---

[4]      Petitioner contends that his cumulative prison sentence is unconstitutional because the trial judge – not a jury – determined that the sentences for his specific convictions should run consecutively rather than concurrently.  (Docket # 40 at 4-5.)  To the extent that he adequately presented that Sixth Amendment claim in state court, it is a non-starter on federal habeas review.  The United States Supreme Court has expressly held that the Constitution does not require a jury finding for a judge to impose consecutive sentences on a defendant.  Oregon v. Ice, 555 U.S. 160, 164 (2009).  As a result, the state court's decision could not violate clearly established federal law.  28 U.S.C. § 2254.  Petitioner's reliance on Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013) (jury required to consider facts of federal enhancement increasing mandatory minimum sentence), is entirely inapposite.

1

## IV.    **CONCLUSION**

2          IT IS THEREFORE RECOMMENDED that the District Judge issue an

3    order: (1) accepting the findings and recommendations in this Final Report;

4    (2) directing that judgment be entered denying the Petition; and (3) dismissing

5    the action with prejudice.

6

7    Dated: February 25, 2015      _____

8                                   HON. MICHAEL R. WILNER
                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11